Felix A. McKinney and Myrtle G. McKinney v. Commissioner.
Felix A. McKinney v. Commissioner
Docket No. 17254.
United States Tax Court
1948 Tax Ct. Memo LEXIS 12; 7 T.C.M. (CCH) 956; T.C.M. (RIA) 48265; December 22, 1948
*12 Carl A. Morring, Jr., Esq., State Nat'l Bank Bldg., Huntsville, Ala., for the petitioners. S. Earl Heilman, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion The respondent has determined a deficiency in income tax for the calendar year 1945, in the amount of $132, resulting from his disallowance of certain deductions of business expenses made by the petitioners in the determination of their adjusted gross income. Findings of Fact The petitioners were husband and wife, residing together in Huntsville, Alabama, during 1945. They filed a joint return for that year with the collector for the district of Alabama. Myrtle G. McKinney is now deceased, but counsel for the husband made appearance for her. On their return for 1945 the petitioners reported gross income from all sources of $3,624.20, of which $2,958.50 was attributed to the husband and $665.70 to the wife. They deducted business expenses of $648.40 to determine their adjusted gross income of $2,975.80. They computed the tax on adjusted gross income by using the optional method without itemizing deductions. The respondent disallowed deduction of the entire amount of $648.40 claimed *13 as business expenses. This consisted of $432.40 of operation expense and $216 of depreciation on an automobile used by Mr. McKinney, hereinafter called the petitioner, in the operation of a small loan business during 1945. Since 1939 the petitioner has been employed by F. M. Bramlett, doing business as the Fulton Loan Company, at Huntsville, Alabama. Under an oral agreement between petitioner and Mr. Bramlett, petitioner operated the business and performed all services connected with it, while Mr. Bramlett furnished all the money but took no active part in the operation of the business. In the performance of his duties it was necessary for petitioner to use his personal automobile, paying all of the automobile expense himself. The petitioner was paid a salary of $45 per week and a bonus of 10 per cent of the net profits of the business for the purpose of reimbursing him for his automobile expense and providing an incentive for diligence in the performance of his duties. In 1945 petitioner received from Mr. Bramlett $2,340 in salary and $618.50 in bonus. He incurred $431.15 of automobile operation expenses, consisting of gas, oil, repairs, tires, insurance, and taxes, in connection *14 with the performance of his services as an employee. This amount corresponds to the $432.40 claimed in the return. Opinion LEMIRE, Judge: To support the deduction of his automobile expenses in determining the amount of his adjusted gross income, petitioner argues that he was a partner in the Fulton Loan Company and is entitled to deduct these expenses under section 22(n)(1) of the Internal Revenue Code, because the expenses "are attributable to a trade or business carried on by the taxpayer." He further argues that if we conclude that he is not entitled to deduct the expenses because he is an employee and not a partner in the business, then he should be allowed to deduct them under section 22(n)(3) of the Code as "expenses paid or incurred by the taxpayer, in connection with the performance by him of services as an employee, under a reimbursement or other expense allowance arrangement with his employer." The evidence shows that petitioner was not a partner in the Fulton Loan Company with F. M. Bramlett but was an employee of the business. He referred to himself as "a working partner," but his testimony indicates that he actually regarded Mr. Bramlett as *15 the owner of the business and his employer. Mr. Bramlett had offered petitioner a salary, or a salary and 10 per cent of the earnings of the business to cover his expenses, to avoid being "bothered" with arrangements for handing expenses. Petitioner elected to take the salary and share of earnings because he thought he might make more that way. The arrangement did not contemplate an exact reimbursement for petitioner's expenses but was intended to reimburse him adequately and to pay any surplus to him as an incentive to be diligent and make more money for the business. This being so, we conclude that petitioner is entitled to deduct his business expenses under section 22(n)(3) of the Internal Revenue Code, as an employee working under a reimbursement arrangement with his employer. By disallowing the deduction of the entire amount of business expenses claimed by the petitioner as adjustments to gross income, the respondent has placed the burden of proof on the petitioner to establish the facts essential to the allowance of the deductions he claims. We find on the evidence that petitioner did incur deductible automobile operating expenses in the amount of $431.15 *16 in 1945. We find no evidence establishing his claimed depreciation deduction of $216 on his automobile. Petitioner's schedule of depreciation attached to his return shows that the automobile had been fully depreciated in prior years. There is no evidence concerning the rate of depreciation, the allocation between business and personal use, and the amount taken in prior years other than the showing in the schedule that the full amount had been taken in prior years. In the absence of proof to support the deduction we must sustain the respondent in his disallowance of that deduction of depreciation. Decision will be entered under Rule 50.